UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-20369

RAMON A MEDINA, P E, Individually and as Parent of
Luis-Francisco Emmanuel Medina, Deceased;
MARIA TERESA MEDINA, Individually and as Parent of
Luis-Francisco Emmanuel Medina, Deceased,

Plaintiffs - Appellants,

VERSUS

JOHN P DEVINE, Honorable; ET AL

Defendants,

JOHN P DEVINE, Honorable

Defendant - Appellee.

Appeals from the United States District Court
For the Southern District of Texas
(H-96-CV-2485)

June 5, 1998

Before POLITZ, Chief Judge, and HIGGINBOTHAM and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

---

[*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

The Medinas filed a wrongful death suit in the state district court of Harris County, Texas. The case was assigned to Honorable John P. Devine, a judge of the 190th Judicial District. The Medinas objected to various decorations displayed in Judge Devine's courtroom, which include the Ten Commandments, portraits of George Washington and Abraham Lincoln in prayer, and five excerpts from the Bible. They filed a complaint in federal court alleging violations of the First, Fifth, and Fourteenth Amendments to the Constitution. Soon thereafter, they began to press for Judge Devine's recusal. When counsel for the Medinas filed a grievance against Judge Devine, the judge decided to recuse himself.

In federal court, the Medinas sought a preliminary injunction to prevent Judge Devine from displaying religious pictures in his courtroom and adjoining public areas. The Medinas' motion was denied and the case was dismissed on mootness grounds in a memorandum and order filed on April 4, 1997. The live pleading before this Court is "Plaintiffs' Amended Notice of Appeal," filed in the federal district court on April 8, 1997. The appeal, taken pursuant to 28 U.S.C. § 1292(a), specifically and exclusively designates the district court's "April 4, 1997 *Order* denying preliminary injunction" as the subject of appeal.

In their brief to this Court, the Medinas allege numerous points of error, including the district court's failure to recuse or disqualify itself, disposal of the case on mootness grounds,

refusal to grant leave to amend the complaint, mischaracterization of the evidence, misapplication of the Establishment Clause of the First Amendment, and failure to consider a due process claim. We cannot consider any of these arguments. The Federal Rules of Appellate Procedure specify that a "notice of appeal . . . must designate the judgment, order, or part thereof appealed from." FED. R. APP. P. 3(c). The only ruling of the district court appealed by the Medinas was the denial of a preliminary injunction.[†] We are therefore deprived of appellate jurisdiction to consider any other aspects of the district court's judgment. *See* **Trust Co. v. N.N.P. Inc.**, 104 F.3d 1478, 1485 (5th Cir. 1997) ("[W]here a party designates in the notice of appeal particular orders only (and not the final judgment), we are without jurisdiction to hear challenges to other rulings or orders not specified in the notice of appeal."); *see generally* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.4 (2d ed. 1996).

The Medinas' brief fails to discuss the order denying a preliminary injunction. Arguments that are not briefed on appeal are waived. *See* FED. R. APP. P. 28(a)(6); **In re T-H New Orleans**

---

[†] That this was their intention is beyond dispute. The Medinas' original notice of appeal identified the district court's "April 4, 1997 *Order* denying preliminary injunction and motion for summary judgment." The Medinas subsequently amended their notice of appeal to delete the reference to denial of summary judgment and proceeded to file additional motions on the merits of the case in the district court. Thus, the Medinas' isolation of the appeal to the denial of preliminary injunctive relief was deliberate, and now, controlling.

-3-

*Ltd. Partnership*, 116 F.3d 790, 796 (5th Cir. 1997).

Because of the Medinas' failure to present argument regarding the district court's denial of a preliminary injunction, that order of the district court is **AFFIRMED**. To the extent that the Medinas' appeal purports to present other issues for appellate jurisdiction, it is **DISMISSED** for want of jurisdiction.